Judge Green,
delivered his opinion.
On the second day of April, 1808, the executors of Cary, obtained a judgment and award of execution against Brett Randolph principal, and William Bentley his surety, upon a forthcoming bond given for property, taken by virtue of an execution issued against Brett Randolph, on a judgment obtained against him on a bond, which he had executed with Henry Randolph, and in which he was surety for Henry Randolph. Upon this judgment on the forthcoming bond, several executions oí fieri facias issued in the year 1808, none of which were returned, except the last, which was dated December 13, 1808; upon which the sheriff returned “ executed on sundry negroes, taken as the property of Brett Randolph; and a doubt arising as to his right thereto, and no person indemnifying, the property restored.” On the 15th of July, 1811, another fieri facias issued on this judgment, which was not returned, and no further proceedings on the judgment have been had. On the 24th of February, 1820, Brett Randolph paid to the surviving executor oí Cary, $138 48 cts. on account, and in part, of the original judgment and execution thereupon, as is stated in the receipt; and in March, 1820, moved the Superior Court of Henrico, for a judgment against the administratrix of Henry Randolph, for the amount so paid, and interest thereon from the day of payment. The judgment was rendered accordingly, and the defendant appealed.
The first objection taken by the appellant is, that Brett Randolph's right to demand the full amount of the original judgment against Henry Randolph, accrued immediately upon his executing and forfeiting the forthcoming bond, upon the principle that a forthcoming bond is a satis *492 faction of the judgment; and to support this proposition, tlie cases of Taylor v. Dundass, 1 Wash. 92, and Downman v. Chinn, 2 Wash. 189, were cited; and that this having accrued on the 1st day of October, 1807, as appears by the record, the plaintiff was barred from recovering on a motion made in 1820, by the statute which directs the Court to expunge all items of an account, in case of a suit against an executor or administrator, of more than five years standing.
The only effect of the decisions referred to is, that a replevin or forthcoming bond, even if defective, is a bar to any further proceedings on the original judgment, until quashed. It is like the common law rule, that a judgment is a bar to another action for the same cause, so long as it is unreversed. The Court does not say in those cases, that a replevin or forthcoming bond is an actual payment or satisfaction of the debt, so as, (in case of a judgment against one of several obligors, and a forthcoming bond given and forfeited by him,) to bar an action against the other obligor, as actual payment would bar such second suit. On the contrary, the Court, in the first of those cases, cites, with approbation, the case of Dykes v. Mercer, 2 Lord Raymond, 1072, where there was judgment against one of several obligors, a fi.fa. and seizure to the value returned, but the property not sold, nor the money paid; this was pleaded to an action against the other obligor, and adjudged that the action was not barred, and that nothing but actual satisfaction was sufficient to discharge the second obligor. The original judgment was against Brett Randolph only, after an earnest defence made; and that, and the forthcoming bond forfeited, did not discharge Henry Randolph from the claim of Cary’s executors; and Brett Randolph, therefore, could not, on that ground, maintain a motion against Henry Randolph. Besides, the act giving the motion provides, that judgment shall be given for the full amount paid by the surety, and a forthcoming bond is certainly not a payment.
*493 The next objection taken, is, that the payment made by Brett Randolph was voluntary and not coerced; and that it could not have been coerced by execution, since when the payment was made, no execution could lawfully issue on the judgment; and that a surety cannot found a claim against the principal, upon such voluntary payment. The statute which gives a motion to a surety against his principal, only requires, in terms, two circumstances to justify it. First, that there should be an adversary judgment against him; and secondly, that he should have paid it in part or in whole. If a surety were voluntarily to pay money, on account of a judgment absolutely barred, there would be good reason to refuse him relief; but a payment cannot he said to be voluntary, so long as the judgment can be enforced in any way. He is not bound to submit to the costs of an execution, scire facias, or a new action on the judgment. It is, therefore, not necessary to enquire, whether, in this case, an execution could have issued on the judgment, at the time the money was paid, since it is admitted that it might have been enforced by scire facias, and certainly an action of debt would have lain upon it. There is no limitation, by statute, to an action of debt or scire facias upon a judgment, except only in the case of a judgment on which no execution has been taken out; and in cases of executors and administrators, upon a judgment against their testator or intestate. In all other cases, these remedies are left as at the common law; and at common law, there was nothing like a limitation upon them, except the presumption of satisfaction, arising from a delay to proceed upon the judgment for 20 years, which might be repelled by circumstances. According to the practice in England, after 7 years, a scire facias could not issue, without leave of the Court on a side bar motion, or after 10 years, without a motion in Court. Hardisty v. Barny, 2 Salk. 598, pl. 3. But a plaintiff might bring his action on the judgment ad libitum, and without leave of the Court.
*494 I think this objection also, is unfounded, and that the judgment should be affirmed.
The other Judges concurred, and the judgment was affirmed*

 The President, absent.